Brian R. England, Cal. Bar No. 211335
bre@aejlaw.com
Affeld England & Johnson LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel.(310) 979-8700
Fax(310) 979-8701

Attorneys for Plaintiff Frank Kovacs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK KOVACS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN TELECAST PRODUCTS, LLC., a Delaware Limited Liability Company; and TOTAL GYM FITNESS, LLC, a Pennsylvania limited liability company; and DOES 1 through 10, inclusive<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Frank Kovacs ("Kovacs" or "Plaintiff"), alleges against Defendants American Telecast Products, LLC ("ATP") and Total Gym Fitness, LLC ("TGF", collectively "Defendants") as follows. Allegations herein are made on personal knowledge as to Plaintiff and on information and belief as to all other matters.

## I.  **INTRODUCTION**

1.  This is an action to recover damages, statutory penalties, prejudgment interest, injunctive relief, disgorgement/restitution, and attorneys' fees all caused by Defendants' failure and refusal to comply with basic Federal and California law, including the Copyright Act of 1976 (17 U.S.C. §§ 101-810), the Lanham Act, and California's Unfair Competition Law. Plaintiff also seeks an accounting in order to ascertain the full extent of the damages owed by Defendants.

2.  Kovacs is the registered owner of approximately 100 copyrights of footage that he designed, planned, arranged, shot, edited, and created of people using Total Gym products (the "Copyrighted Works"). Kovacs created these materials for use in advertising and infomercials by the Defendants. Kovacs' copyrights are identified in Exhibit 1 hereto, which is expressly incorporated by this reference. At no time did ATP or TGF ever directly participate in the shoots for the Copyrighted Works, nor did they provide meaningful creative input. The Copyrighted Works are the product of Kovacs' creativity and ingenuity and Defendants have wrongfully used them for years, and continue to do so. Although Kovacs created other content, he only sought copyright protection for the content that he was fully responsible for.

3.  Over a span of years, Defendants paid Kovacs for the use of his copyrighted materials. Beginning in 2019, however, Defendants complained that they could no longer afford to fully pay Kovacs for use of his copyrighted materials, which to that time had included a "bonus" based on a percentage of TGF's quarterly profits. Defendants instead offered to allow Kovacs to increase his production budgets and profits. Kovacs was only paid one time under this new arrangement and at no time did he give up ownership of his copyrights. Kovacs also never agreed that the elimination

COMPLAINT

of bonus payments terminated his rights or authorized continued use of his copyrighted materials without compensation. And in 2021, Defendants simply stopped paying Kovacs at all, even while they continued using his copyrighted materials in their advertising without authorization or compensation.

4.     Defendants' unauthorized and illegal use of Kovacs' copyrighted materials continues to the present and represents a continuous, ongoing infringement. As a direct result of this conduct, Kovacs is entitled to injunctive relief, monetary damages, attorneys' fees, an accounting, and interest.

## II.     **JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over this action because (i) it has original jurisdiction under 28 U.S.C. § 1331 in that some of the primary Claims arise under the Constitution, laws, or treaties of the United States and (ii) it has supplemental jurisdiction under 28 U.S.C. § 1367 because the remaining Causes of Action are so related that they form part of the same case or controversy under Article III of the United States Constitution. The parties are also diverse and the amount in controversy exceeds $75,000, so diversity jurisdiction exists under 28 U.S.C. § 1332.

6.     Venue is proper in this District because the Plaintiff resides here and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.     **PARTIES**

7.     Kovacs is an individual and a resident of Los Angeles, California. Kovacs is the owner of record of each of the copyrights that are at issue in this litigation, which are identified in Exhibit 1 hereto.

8.     Kovacs is informed and believes, and based thereon alleges, that Defendant American Telecast Products, LLC is a Delaware limited liability company with a principal place of business in Malvern, Pennsylvania.

9.     Kovacs is informed and believes, and based thereon alleges, that Defendant Total Gym Fitness, LLC is a Pennsylvania limited liability company with a principal place of business in Malvern, Pennsylvania.

10.     Plaintiff is unaware of the true names and capacities of Defendants Does 1 through 10, inclusive.  He is informed and believes that Defendants Does 1 through 10 are in some manner legally responsible for the acts alleged herein. On information and belief, each of Defendants Does 1 through 10 acted as an agent, principal, joint venturer or partner with Defendants in connection with the acts and omissions alleged herein. Certain of Defendants Does 1 through 10 are alter egos of ATP or TGF. Plaintiff will amend this Complaint to include the identities of Does 1 through 10 when they are identified.

## IV.   FACTUAL ALLEGATIONS

11.     Frank Kovacs is a producer, director, cinematographer, and editor who began producing long-form infomercials in or about 1992 through his production company, Team One Productions. He initially began working with American Telecast Products, LLC in connection with infomercials for Total Gym fitness products.

12.     In the early years, Kovacs provided production services and crew support. In the 1980's, Kovacs worked with Steve Scott and ATC to create 1- and 2-minute commercials. Starting in or around 1990, Defendants produced several infomercials for Total Gym products, but the production process was often disorganized. Over time, Kovacs became increasingly involved in all aspects of production. Thereafter, Kovacs became more involved in all aspects of the production process until he began producing all infomercials around the mid-90s.

13.     By approximately 1994, Kovacs' responsibilities expanded to producing the shows, including securing locations, arranging sets, hiring and supervising crew, managing budgets, and overseeing production. During this time, Kovacs worked

closely with Steve Scott in developing the creative content, including planning, filming, and editing the audiovisual works.

14.    Kovacs worked directly with Steve Scott, one of the original partners of American Telecast Products. Scott was primarily responsible for script development and coordination with celebrity talent. Kovacs collaborated closely with Scott throughout filming and post-production, contributing to creative execution during production and editing.

15.    Scott and Bob Marsh were principals of American Telecast Products during this period.

16.    During the early years of Total Gym programming, Plaintiff collaborated with Scott in the creation of long-form infomercials. During this period, Scott and Plaintiff jointly participated in creative decisions, including directing and editing, consistent with the traditional 28:30 scripted infomercial format then used by the company. At the same time, Kovacs independently conceived, filmed, and produced testimonial segments, b-roll, and other supporting material without on-site supervision.

17.    During production, Kovacs exercised substantial creative control over the audiovisual expression of the works, including camera placement, lighting design, blocking of demonstrations, pacing, and visual composition. He also supervised post-production editing and contributed significant creative input to the final assembly of the programs. In short, these works were his creative expression and are thus copyrightable.

18.    When Steve Scott became involved in other projects around 2008 and 2009, Kovacs became even more involved in the directing of many creative segments involving Total Gym. By the time Steve Scott left American Telecast Products around 2012, Kovacs assumed full responsibility for the production and direction of Total Gym shows, as well as other projects. From that point forward, Plaintiff was responsible for conceiving, producing, directing, filming, editing, and scoring the

COMPLAINT

audiovisual content used to promote Total Gym products. Under Plaintiff's direction, the advertising evolved away from rigid, fully scripted long-form formats toward a modular system of shorter, self-contained segments organized around unified thematic messaging. This structure allowed Defendants to assemble and reassemble content quickly to create new advertising versions over time.

19.    For example, productions internally identified as Shows 20 and 21 were produced and directed entirely by Kovacs. He selected locations, directed on-camera talent, determined all visual composition, supervised filming, and oversaw the final edit of each segment. These shows are entitled to copyright protection and the Copyright is owned by Kovacs. The same is true for TG 15, TG 16, TG 17, TG 18, TG 19, TG 20, TG 21, and TG 22. Kovacs created these shows, they are entitled to copyright protection, and he is the copyright holder for them.

20.    Rather than relying on the traditional 28:30 scripted format, Kovacs redesigned the structure into shorter, modular thematic segments—generally one to two minutes in length—that could be reused and reconfigured across multiple versions of the show. A recurring anchor line was "I use the Total Gym because it works," often delivered by Chuck Norris, with supporting testimonials and trainer demonstrations structured around that theme. The following are examples of these new thematic segments that Kovacs' designed, created, filmed, and edited:

- The Total Gym Challenge – A 21-day structured program Kovacs developed with trainer Rosalie, involving approximately 14 participants. Kovacs designed the workout structure, filmed baseline and progress checkpoints, captured final reactions, and edited the material into multiple modular segments. Kovacs also composed and integrated original music cues to support the transformation arc. These segments were used across multiple edits for years.
- Chuck Norris "Thoughts" Segment – After being dissatisfied with the initial filming environment, Kovacs reinterpreted the footage in post-

COMPLAINT

production, converting portions to black-and-white imagery and restructuring it as a stylized voice-over montage. This segment appeared in several different Total Gym programs.

- Trainer / "Be a Hero" Motivational Segment – Kovacs filmed 2 trainers in a warehouse location, and structured high-energy montage segments driven by an original song he composed titled "Be a Hero." These were modular and reused in multiple versions of the infomercial.

Kovacs' creativity and resulting product helped significantly improve TGF's advertising and allowed it to scale up its advertising in new ways, directly leading to increased sales and revenue.

21. Over the course of more than two decades, the Total Gym campaign became one of the longest-running fitness infomercial campaigns in television history, generating tens of millions of dollars in revenue and profit. Defendants have wrongfully used the Copyrighted Works to help generate these significant revenues without compensating Kovacs.

22. Over more than a decade, Kovacs created, produced, and directed over a dozen long-form Total Gym infomercials, along with over a hundred discrete, self-contained audiovisual segments. These segments included workouts, testimonials, motivational pieces, celebrity-driven narrative elements, and music-driven montage sequences, and were reused across infomercials, workout videos, blog content, social-media posts, YouTube videos, commercials, and other promotional materials. During this period, while John Marsh remained Chief Executive Officer and active behind the scenes and Jim McFadden served as President, Kovacs operated with substantial autonomy and minimal direct oversight, independently managing all aspects of creative production.

23. At no time did Kovacs execute a written work-for-hire agreement within the meaning of 17 U.S.C. § 101, nor did he execute any written assignment

transferring ownership of his copyrights to American Telecast Products or Total Gym Fitness, LLC.

24.    For many years, Kovacs was compensated through production fees as well as bonus payments tied to quarterly performance. The last bonus-related payment was made in 2020. Since that time, Defendants have failed and refused to compensate Kovacs for his work and the use of his intellectual property.

25.    In 2024, for the first time, Defendants asserted through their counsel that Kovacs had no copyright ownership interest in the audiovisual works and claimed that he had relinquished any royalty rights. Kovacs disputes that assertion. He did not execute any written agreement waiving or transferring copyright ownership.

26.    Kovacs has registered approximately 100 audiovisual works with the United States Copyright Office, identifying himself as author and copyright claimant. The Copyrights at issue in this matter are identified and attached as Exhibit 1, which is incorporated by this reference.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE COPYRIGHT ACT
### (By Plaintiff Against Defendants)

27.    Plaintiff incorporates by reference each of the preceding paragraphs.

28.    At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*, and all amendments thereto) to reproduce, distribute, display, use, or license the reproduction, distribution, and/or display of his audiovisual multimedia work, listed on Exhibit 1 attached hereto, which is the subject of this action, throughout the United states.

29.    Plaintiff is an entrepreneur who used his considerable experience, talent, creativity, and expertise developed over years of hard work to develop the Copyrighted Works. Plaintiff designed the Copyrighted Works. He picked the

COMPLAINT

locations, set up the cameras, put the participants in place, selected certain of the participants and arranged their appearances, oversaw the shoots, recorded the videos, and served as the creative mastermind, creating and controlling the Copyrighted Works. Plaintiff did not create the Copyrighted Works under a work-for-hire agreement.

30.    Defendants have used the Copyrighted Works for years, and continue to use them presently, in advertising for Total Gym products. Plaintiff is informed and believes, and based thereon alleges, that Defendants are currently using the Copyrighted Works in advertising presently. As of the date of this filing, that infringing and unauthorized use continues.

31.    Plaintiff has repeatedly put Defendants on notice of their infringing and unauthorized use of the Copyrighted Works and demanded either that they stop the infringing uses or compensate him appropriately. Despite receiving notice of Plaintiff's copyright ownership and demands for compensation, Defendants have continued to reproduce and distribute the Copyrighted Works.

32.    Plaintiff has suffered, and continues to suffer, economic losses because of Defendants' actions. In contrast, Defendants continue to generate tens of millions of dollars of revenue through the unauthorized use of the Copyrighted Works.

33.    Defendants' conduct constitutes willful, intentional, and bad-faith infringement of Plaintiff's copyrights, as Defendants generate substantial revenue through their unauthorized use of the Copyrighted Works without investing the time, money and creative thought that Plaintiff invested.

34.    The Copyrighted Works are original works, copyrightable under the Copyright Act. Plaintiff applied for and received copyright registrations for each of the Copyrighted Works. The registration number for each Copyrighted Work is set forth in Exhibit 1. Thus, Plaintiff has the exclusive rights and privileges to use, reproduce, distribute, and display the Copyrighted Works.

COMPLAINT

35.     Plaintiff has not authorized Defendants, whether by license or otherwise, to use, copy, reproduce, display, or distribute the Copyrighted Works, nor to prepare derivative works derived therefrom without Plaintiff's permission.

36.     Defendants infringed Plaintiff's exclusive rights in the Copyrighted Works by using, copying, reproducing, duplicating, distributing, and displaying them and/or derivative works derived therefrom without Plaintiff's permission or license.

37.     Each infringing use, copy, duplication, sale, license, or display of the Copyrighted Works, as well as the threat of continuing the same, constitutes a separate claim against the Defendants under the Copyright Act. Plaintiff has sustained, and will continue to sustain, substantial damage to the value of his copyrights, as well as lost revenue, royalties, and payments that Defendants should have been paying. In addition, Defendants have realized unlawful and unjust revenue and profits from their unauthorized and illegal use, copying, duplication, distribution, and display of the Copyrighted Works.

38.     Defendants continue to infringe the copyrights listed in Exhibit 1, and unless temporarily, preliminarily, and permanently enjoined by an order of this Court, will continue to infringe such copyrights, all to Plaintiff's irreparable injury. As a result of Defendants' infringement, Plaintiff is without an adequate remedy at law in that economic damages alone are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

39.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but well in excess of $1 million.

40.     Defendants committed all of the acts alleged herein deliberately, willfully, maliciously, and oppressively, with regard to Plaintiff's rights. This conduct justifies a finding of willful infringement and enhanced statutory damages against Defendants under Section 504(c)(2) of the Copyright Act.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE LANHAM ACT**

**(By Plaintiff Against Defendants)**

41.    Plaintiff incorporates by reference each of the preceding paragraphs.

42.    As detailed above, Defendants have used the Copyrighted Works without authorization from Plaintiff and without giving him credit for creating the Copyrighted Works. Defendants failed and refused to credit Plaintiff for his creation of the Copyrighted Works and instead used them in false and misleading way to suggest to consumers that they had created the Copyrighted Works themselves, all while engaged in commercial advertising and interstate commerce. Such conduct is likely to cause confusion for consumers.

43.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but well in excess of $1 million.

44.    Defendants continue to infringe the copyrights listed in Exhibit 1, and unless temporarily, preliminarily, and permanently enjoined by an order of this Court, will continue to infringe such copyrights, including violating the Lanham Act, all to Plaintiff's irreparable injury. As a result of Defendants' illegal conduct, Plaintiff is without an adequate remedy at law in that economic damages alone are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

45.    In doing the acts herein alleged, Defendant acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

**ACCOUNTING**

**(By Plaintiff Against Defendants)**

46.    Plaintiff incorporates by reference each of the preceding paragraphs.

47.    As a direct and proximate result of Defendants' unlawful and unauthorized use of the Copyrighted Works, Plaintiff is owed substantial damages. The exact sum of those damages is difficult, if not impossible, to ascertain because of the lack of transparency in Defendants' financial affairs and reporting.

48.    Plaintiff is informed and believes, and based thereon alleges, that a sum is due and owing from Defendants, which can only be ascertained through an accounting, including, but not limited to, (a) the amount of revenue received by Defendants for sales of TGF products related to advertisements that illegally used or copied the Copyrighted Works; (b) Defendants' costs associated with that revenue; and (c) Defendants' net profits.

49.    An accounting is necessary to determine the amounts owed to Plaintiff.

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(By Plaintiff Against Defendants)**

50.    Plaintiff incorporates by reference each of the preceding paragraphs.

51.    Defendants, and each of them, engaged in the conduct detailed above, which constitutes an unlawful, unfair, or fraudulent business practice in California. Defendants intentionally used Plaintiff's Copyrighted Works without authorization or license and attempted to pass those goods off as their own. Such conduct violates other laws, including (i) the Copyright Act; and (ii) the Lanham Act. Such conduct is also immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and violates public policy.

52. As a direct and proximate result of Defendants' conduct, Plaintiff has lost money and has had his valuable copyright rights violated and infringed, resulting in a diminution of value.

53. Defendants continue to infringe the copyrights listed in Exhibit 1, and unless temporarily, preliminarily, and permanently enjoined by an order of this Court, will continue to infringe such copyrights, including violating Business & Professions Code Section 17200 *et seq*., all to Plaintiff's irreparable injury. As a result of Defendants' illegal conduct, Plaintiff is without an adequate remedy at law in that economic damages alone are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

[This Section Left Intentionally Blank]

COMPLAINT

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seek relief from this Court in the following respects:

1.      For special and general damages, including statutory damages, according to proof;

2.      For punitive damages according to proof;

3.      For injunctive relief, including an order requiring Defendants to cease and desist any and all unauthorized uses, display, or reproduction of the Copyrighted Works;

4.      For costs of suit incurred herein;

5.      For restitution and/or disgorgement of all moneys obtained by Defendants as a result of their illegal and unauthorized uses of the Copyrighted Works and which rightly belong to Plaintiff;

6.      For attorney fees on causes of action where fees are available by law; and

7.      For such other and further relief as this Court may deem just and proper.


Dated:  March 13, 2026                          Respectfully submitted,

                                                By:  s/ Brian R. England
                                                     Brian R. England
                                                     Affeld England & Johnson LLP

                                                Attorneys for Plaintiff Frank Kovacs

- 13 -

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated:  March 13, 2026

Respectfully submitted,

By:  s/ Brian R. England

Brian R. England
Affeld England & Johnson LLP

Attorneys for Plaintiff Frank Kovacs

- 14 -

COMPLAINT

# EXHIBIT 1

| Full Title | Registration Number | Date | Type of Work | Claimant |
|---|---|---|---|---|
| Kimberly. | PAu004058435 | 11/13/2020 | Motion Pictures | Kovacs, Frank J |
| Larry testimonial. | PAu004058439 | 11/13/2020 | Motion Pictures | Kovacs, Frank J |
| Dakota Norris Total Gym Since 6. | PAu004188757 | 7/14/2023 | Motion Pictures | Kovacs, Frank J |
| Strong Chest TG. | PAu004095736 | 7/28/2021 | Motion Pictures | Kovacs, Frank J |
| TOTAL GYM 16. | PA0001992067 | 2/4/2016 | Motion Pictures | Kovacs, Frank J |
| Ron testimonial. | PAu004058437 | 11/13/2020 | Motion Pictures | Kovacs, Frank J |
| Mark P testimonial. | PAu003925772 | 7/25/2018 | Motion Pictures | Kovacs, Frank J |
| Jimmy testimonial. | PAu004058436 | 11/14/2020 | Motion Pictures | Kovacs, Frank J |
| Dana testimonial. | PAu004058438 | 11/13/2020 | Motion Pictures | Kovacs, Frank J |
| RoundhouseChuck. | PAu004186622 | 6/12/2023 | Motion Pictures | Kovacs, Frank J |
| Cb TGTV version 2. | PAu003989414 | 8/2/2019 | Motion Pictures | Kovacs, Frank J |
| Rosalie and Sue TGTV. | PAu003989415 | 8/2/2019 | Motion Pictures | Kovacs, Frank J |
| Rosalie and Amira TGTV. | PAu003989427 | 8/2/2019 | Motion Pictures | Kovacs, Frank J |
| CB TGTV version 1. | PAu003989411 | 8/2/2019 | Motion Pictures | Kovacs, Frank J |
| Derek testimonial. | PAu003934073 | 10/7/2018 | Motion Pictures | Kovacs, Frank J |
| New You. | PA0002293827 | 3/30/2021 | Motion Pictures | Kovacs, Frank J |
| Rower C TG. | PAu004103544 | 9/15/2021 | Motion Pictures | Kovacs, Frank J |
| Cassy interview. | PAu003925779 | 7/25/2018 | Motion Pictures | Kovacs, Frank J |
| TG warehouse. | PAu003977025 | 3/26/2019 | Motion Pictures | Kovacs, Frank J |
| Chuck title story. | PAu003989363 | 8/2/2019 | Motion Pictures | Kovacs, Frank J |
| TG 18. | PAu003970046 | 3/25/2019 | Motion Pictures | Kovacs, Frank J |
| Dannielle testimony. | PAu003934076 | 10/7/2018 | Motion Pictures | Kovacs, Frank J |
| Angela testimonial. | PAu004058370 | 11/13/2020 | Motion Pictures | Kovacs, Frank J |
| TG 17 new. | PAu003866625 | 12/3/2017 | Motion Pictures | Kovacs, Frank J |
| Anita workout. | PA0002511424 | 11/11/2024 | Motion Pictures | Kovacs, Frank J |
| TG Fit 8/16. | PAu003831233 | 5/2/2017 | Motion Pictures | Kovacs, Frank J |
| TG 15 music. | PAu003792961 | 2/11/2016 | Music | Kovacs, Frank J |
| Stay Fit. | PAu004081138 | 3/30/2021 | Motion Pictures | Kovacs, Frank J |
| tg camping. | PAu003874618 | 12/3/2017 | Motion Pictures | Kovacs, Frank J |
| TGTV18. | PAu003990290 | 8/7/2019 | Motion Pictures | Kovacs, Frank J |
| Cynthia testimonial. | PAu003925777 | 7/25/2018 | Motion Pictures | Kovacs, Frank J |
| TG Beach House. | PAu004081136 | 3/30/2021 | Motion Pictures | Kovacs, Frank J |
| CN TG Fit Photos 2012. | VAu001275329 | 5/4/2017 | Visual Material | Kovacs, Frank J |
| Strong Core TG. | PAu004095735 | 7/28/2021 | Motion Pictures | Kovacs, Frank J |
| cb photo day 2013. | VAu001275330 | 5/2/2017 | Visual Material | Kovacs, Frank J |
| Lean Body Sculpt Tg. | PAu004102485 | 9/7/2021 | Motion Pictures | Kovacs, Frank J |
| Core Accelerator TG. | PAu004096205 | 7/30/2021 | Motion Pictures | Kovacs, Frank J |
| CN thoughts. | PA0002511423 | 11/11/2024 | Motion Pictures | Kovacs, Frank J |
| cb 2017. | PAu003876800 | 1/17/2018 | Motion Pictures | Kovacs, Frank J |
| Yoga grounded Tg. | PAu004102488 | 9/6/2021 | Motion Pictures | Kovacs, Frank J |
| Yoga HIT Tg. | PAu004156556 | 9/7/2021 | Motion Pictures | Kovacs, Frank J |
| Rebbeca J. | PAu004248169 | 11/5/2024 | Motion Pictures | Kovacs, Frank J |
| Strong back TG. | PAu004095737 | 7/28/2021 | Motion Pictures | Kovacs, Frank J |
| TG 21. | PAu004165866 | 1/5/2023 | Motion Pictures | Kovacs, Frank J |
| TG Burn Tone Cardio Strength. | PAu004100990 | 8/24/2021 | Motion Pictures | Kovacs, Frank J |
| Raymon W. | PAu004248168 | 11/5/2024 | Motion Pictures | Kovacs, Frank J |

| | | | | |
|---|---|---|---|---|
| I can segment. | PA0002510145 | 11/11/2024 | Motion Pictures | Kovacs, Frank J |
| Lean Body Reform TG. | PAu004102486 | 9/6/2021 | Motion Pictures | Kovacs, Frank J |
| Calorie Burner TG. | PAu004096021 | 7/29/2021 | Motion Pictures | Kovacs, Frank J |
| Yoga Flow Tg. | PAu004102487 | 9/6/2021 | Motion Pictures | Kovacs, Frank J |
| TG Burn Tone Core Cardio. | PAu004100991 | 8/24/2021 | Motion Pictures | Kovacs, Frank J |
| Adam testimonial. | PAu004248503 | 11/7/2024 | Motion Pictures | Kovacs, Frank J |
| Night out. | PAu004100987 | 8/24/2021 | Motion Pictures | Kovacs, Frank J |
| Lean Body Elongate Tg. | PAu004102481 | 9/6/2021 | Motion Pictures | Kovacs, Frank J |
| Tony testimonial. | PAu003925774 | 7/25/2018 | Motion Pictures | Kovacs, Frank J |
| TG 19. | PA0002509414 | 11/8/2024 | Motion Pictures | Kovacs, Frank J |
| timelapse lakebed. | PAu003864863 | 8/18/2017 | Motion Pictures | Kovacs, Frank J |
| TG 16 Music Cues. | PAu003792960 | 2/9/2016 | Music | Kovacs, Frank J |
| TG Rower. | PAu003839599 | 5/2/2017 | Motion Pictures | Kovacs, Frank J |
| TG Country. | PA0002509446 | 11/8/2024 | Motion Pictures | Kovacs, Frank J |
| Strong Legs TG. | PAu004095734 | 7/28/2021 | Motion Pictures | Kovacs, Frank J |
| TG 20. | PA0002509445 | 11/8/2024 | Motion Pictures | Kovacs, Frank J |
| TG Burn Tone Total Body. | PAu004100995 | 8/24/2021 | Motion Pictures | Kovacs, Frank J |
| Early Riser. | PAu004100986 | 8/24/2021 | Motion Pictures | Kovacs, Frank J |
| Chuck and Dakota. | PAu003989362 | 8/2/2019 | Motion Pictures | Kovacs, Frank J |
| TG Challenge 2. | PAu003792820 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| CB interview. | PAu003797832 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| SP interview. | PAu003797998 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |
| TG 14. | PAu003823962 | 10/20/2016 | Motion Pictures | Kovacs, Frank J |
| CN ranch interview 3/2014. | PAu003797981 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |
| Lynette interview. | PAu003793258 | 3/31/2016 | Motion Pictures | Kovacs, Frank J |
| Kiristy interview. | PAu003798303 | 5/28/2016 | Motion Pictures | Kovacs, Frank J |
| Joni b roll day. | PAu003792991 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| JB interview 9/14. | PAu003792988 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| CB interview 11/14. | PAu003797821 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| Mike C interview 2014. | PAu003797714 | 4/21/2016 | Motion Pictures | Kovacs, Frank J |
| TG Challenge. | PAu003797824 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| TG 15 Version B. | PAu003797833 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| Dr Coulter interview. | PAu003792989 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| Ken O interview 2010. | PAu003798302 | 5/28/2016 | Motion Pictures | Kovacs, Frank J |
| John/Sherri interview 4/14. | PAu003793255 | 3/31/2016 | Motion Pictures | Kovacs, Frank J |
| Mike K 10/14 interview. | PAu003797537 | 2/19/2016 | Motion Pictures | Kovacs, Frank J |
| Maria interview 2015. | PAu003797823 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| CB Beach interview 2013. | PAu003797992 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |
| john interview sequence 9/14. | PAu003797819 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| Chuck N interview. | PAu003797831 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| Rosalie Blog day 2012. | PAu003797453 | 2/24/2016 | Motion Pictures | Kovacs, Frank J |
| JP interview day 3/15. | PAu003798043 | 2/21/2016 | Motion Pictures | Kovacs, Frank J |
| CB Studio interview 2013. | PAu003797996 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |
| CN interview 10/14. | PAu003793269 | 3/31/2016 | Motion Pictures | Kovacs, Frank J |
| Sherry interview 2014. | PAu003797822 | 3/31/2016 | Motion Pictures | Kovacs, Frank J |
| CN interview 2014. | PAu003797830 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| Gena N interview. | PAu003797984 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |

| | | | | |
|---|---|---|---|---|
| Kmiller interview. | PAu003793257 | 3/31/2016 | Motion Pictures | Kovacs, Frank J |
| Karen G interview. | PAu003793253 | 3/31/2016 | Motion Pictures | Kovacs, Frank J |
| TG Challenge video. | PAu003794029 | 4/7/2016 | Motion Pictures | Kovacs, Frank J |
| Rob R Interview. | PAu003792821 | 3/29/2016 | Motion Pictures | Kovacs, Frank J |
| Timelapse Tg 2012. | PAu003801194 | 2/20/2016 | Motion Pictures | Kovacs, Frank J |
| Mike C interview 2. | PAu003797989 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |
| TG 14. | PAu003797988 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |
| Mike K interview. | PAu003797986 | 5/20/2016 | Motion Pictures | Kovacs, Frank J |
| tg 12. | PAu003836446 | 6/7/2017 | Motion Pictures | Kovacs, Frank J |
| Dillon Interview. | PAu004259978 | 11/5/2024 | Motion Pictures | Kovacs, Frank J |